UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| BRADLEY WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:20-cv-00088-GZS |
| WALDO COUNTY JAIL, et al., | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Petitioner, who alleges he is currently serving a state court sentence, seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Following the required review, I recommend the Court dismiss the petition.

## DISCUSSION

A petition for habeas relief from a state court judgment is governed by section 2254(a), which states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Rule 2 of the Rules Governing Section 2254 Cases sets forth the form requirements the petition must satisfy, including that it must "specify all the grounds for relief available to

the petitioner;" it must "state the facts supporting each ground;" and it must "state the relief requested."

As grounds for relief, Petitioner alleges that certain law enforcement officers engaged in criminal activity that is evidently unrelated to the conduct that is the subject of Petitioner's state court conviction.[1] Petitioner's filing cannot reasonably be construed as asserting grounds for relief under § 2254. Petitioner's request for relief – that the Court institute criminal charges against two law enforcement officers (Petition at 7) – further establishes that Petitioner has not alleged grounds for relief under 28 U.S.C. § 2254.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. section 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the district county is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of March, 2020.

---

[1] In the petition and in the attachments to the petition, Petitioner asserts many of the same allegations against law enforcement officers, judicial officers and other individuals that he made in unsuccessful civil actions he previously filed in this Court. See Williams v. Reed, et al., No. 1:16-cv-00211-DBH; Williams v. Every Judge in Maine, et al., No. 1:16-cv-00235-DBH; Williams v. Bezos, et al., No. 1:17-cv-00043-GZS.